UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EVAN SANDIFER,<br>　　Plaintiff, | )<br>)<br>) |
| 　　v. | ) CAUSE NO.: 2:22-CV-166-JEM<br>) |
| DETECTIVE JAMES STAHL, *et al.*,<br>　　Defendants. | )<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Dismiss Plaintiff's Official Capacity Claims [DE 10], filed by Defendants on July 10, 2022, Defendant Detective James Stahl's Motion to Dismiss Plaintiff's Individual Capacity Claims [DE 14], filed July 14, 2022, Defendant Hinch's Motion to Dismiss Plaintiff's Individual Capacity Claims [DE 15], filed July 14, 2022, and Defendant Lieutenant Michael Hamady's Motion to Dismiss Plaintiff's Individual Capacity Claims [DE 18], filed July 21, 2022.

The parties have filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

**I.　Background**

Plaintiff filed this lawsuit in state court on May 27, 2022, and it was removed to this Court by Defendant Hinch on June 22, 2022. Plaintiff's claims arise out of him being searched and his two firearms being removed from his possession by Defendants, Lake County Sherriff's Department Officers he alleges were acting in concert with one another. In particular, he alleges that Defendant Hinch ordered Plaintiff to put one of his weapons on the ground, then Defendant

1

Stahl took it and passed it to Defendant Hamady, who locked it in Hamady's vehicle. After that, Defendant Hamady seized the second firearm from Plaintiff and locked it in the vehicle as well.

Defendants seek dismissal of all of the claims brought against Defendants in both their official and individual capacities. Plaintiff filed a combined response to the motions on September 12, 2022, and on September 19, 2022, Defendants filed a combined reply in support of all of their motions to dismiss.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

### III. Analysis

Plaintiff agrees that, as Defendants argue in their joint motion, he is not asserting any official capacity claims, and so the motion requesting their dismissal is moot.

Defendants also argue that Plaintiff's claims relating to the seizure of his firearms must be dismissed because the temporary seizure of dangerous weapons during the course of an investigation is permissible. However, the cases relied on by Defendants do not address the circumstances in this case, *see United States v. Williams*, 495 F.3d 810, 815 (7th Cir. 2007) (noting "[p]olice may take weapons from a car in the interest of public safety when they have been left lying about unattended"); *United States v. Lopez-Sanchez*, No. 3:11-CR-00008 JD, 2011 WL 3422836, at *6 (N.D. Ind. Aug. 4, 2011) (considering whether "an objectively lawful basis existed for Sergeant Reppert's seizure of the shotgun" during a consented-to search based on specific facts

3

adduced on a motion to suppress), and the caselaw on warrantless seizure emphasizes the need for fact-specific balancing of the competing concerns in a case. *See, e.g., Illinois v. McArthur*, 531 U.S. 326, 331, (2001); *United States v. Stoneking*, 179 F. App'x 388, 393–94 (7th Cir. 2006). Accordingly, the Court cannot conclude that the officers' alleged actions were indisputably lawful at this stage of the proceedings.

Plaintiff, for his part, argues that the "factual allegations were and are sufficiently alleged facts to warrant denial of the defendants' Motions to Dismiss." The Complaint does not explain when, if at all, the firearms were returned to Plaintiff or how long his search and the detention lasted, barely meeting the requirement of a short and plain statement of his claim.

Defendants also argue that because Plaintiff filed a joint response to the pending motions to dismiss but did not specifically mention Defendant Hinch's motion or refer to him by name in the text of his response brief, the Court should dismiss all his claims against Defendant Hinch with prejudice. Although failure to respond to an argument does waive that argument, and Plaintiff did not directly address Hinch's brief, Plaintiff did not fail to respond to the actual arguments made by Hinch, and the Court will not foreclose all claims against him at this stage of the proceedings merely because Plaintiff did not include Hinch's name when responding to the multiple virtually-identical briefs filed in this case. The Court does remind counsel for Plaintiff, however, of the need to be precise and thorough in his prosecution of this case.

## IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES as moot** Defendants' Joint Motion to Dismiss Plaintiff's Official Capacity Claims [DE 10], as no official capacity claims are being alleged, and **DENIES** Defendant Detective James Stahl's Motion to Dismiss Plaintiff's Individual

Capacity Claims [DE 14], Defendant Hinch's Motion to Dismiss Plaintiff's Individual Capacity Claims [DE 15], and Defendant Lieutenant Michael Hamady's Motion to Dismiss Plaintiff's Individual Capacity Claims [DE 18]. The Court **ORDERS** that Defendants' deadline to file their answers to the Complaint is **December 28, 2022**.

SO ORDERED this 7th day of December, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record